1  Benjamin Lin (SBN 326703)
   ben.lin@jtblawgroup.com
2  Eric Sands* (NY Bar No. 5539499)
   eric.sands@jtblawgroup.com
3  BROWN, LLC
   111 Town Square Place, Suite 400
4  Jersey City, NJ 07310
   T: (877) 561-0000
5  F: (855) 582-5297
   *Pro Hac Vice Application forthcoming
6  Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BRANDI, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>K.R. WOLFE, INC.,<br><br>Defendant. | Case No.: **'22CV1181 BEN AHG**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND** |

### COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

Robert Brandi ("Plaintiff"), by and through his attorneys BROWN, LLC, on behalf of himself and the class set forth below, brings the following Collective and Class Action Complaint against K.R. Wolfe, Inc. ("Defendant") and alleges as follows:

### PRELIMINARY STATEMENT

1. Defendant is a systems integration and construction services business enterprise servicing clients nationwide with teams of general contracting specialists and systems integration specialists focused on constructions and proprietary systems integration within the medical, education, commercial, government, and solar fields.[1]

---

[1] *See* https://www.krwolfe.com/about-us (last visited July 12, 2022).

2.      Plaintiff and the putative Fair Labor Standards Act ("FLSA") collective and Rule 23 class members are hourly-paid employees subject to Defendant's unlawful common policy of deducting one hour of pay for a "meal break" even though the workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks (i.e., they were not completely relieved from duties for the purposes of eating regular meals, *see* 29 C.F.R. § 785.19), thus failing to pay the workers for all hours worked.

3.      As a result, Defendant violated its statutory and contractual obligations by failing to pay the workers including Plaintiff for all hours worked including straight time wages and overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

4.      Plaintiff brings this action for himself and all other similarly situated collective members, to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

5.      Plaintiff also brings this action for himself and all other similarly situated Maryland Rule 23 class members to recover unpaid wages including overtime pay, treble damages and reasonable attorneys' fees and costs under the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann. Lab. & Empl. § 3-401, *et seq.* and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code. Ann. Lab. & Empl. § 3-501, *et seq*.

6.      Plaintiff asserts the FLSA claims individually and on behalf of a putative nationwide FLSA collective, defined as:

> *All hourly-paid employees of Defendant at any time from three (3) years prior to the filing of this Lawsuit through the date of judgment.*

///

///

7. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid workers of Defendant informing them of their right to assert FLSA claims in this collective action by filing their individual consent forms.

8. Plaintiff asserts the MWHL and MWPCL claims individually and on behalf of a putative Maryland class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid employees of Defendant in the State of Maryland at any time from three (3) years prior to the filing of this Lawsuit through the date of judgment.*

9. Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## PARTIES

10. Defendant K.R. Wolfe Inc. is a for-profit entity created and existing under and by virtue of the laws of the State of California.

11. According to its website, Defendant maintains its headquarters at 10015 Maine Avenue, Lakeside, California 92040.[2]

12. According to the California Secretary of State website, Defendant has the following Registered Agent: Rachel Wolfe, 10015 Maine Avenue, Lakeside, California 92040.

13. Plaintiff is a resident of the County of Cecil and State of Maryland.

14. Plaintiff was employed by Defendant as an hourly-paid employee from approximately September 2020 through May 2022.

15. Plaintiff was employed by Defendant as a field service technician.

16. Plaintiff installed, repaired, and upgraded equipment for Defendant's clients in multiple states including Maryland, Delaware, Virginia and New Jersey.

17. Plaintiff's hourly rate was $27 when he separated from the company.

---

[2] *See* https://www.krwolfe.com/contact-kr-wolfe (last visited July 12, 2022).

18. Brandi's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

20. The Court has personal jurisdiction over Defendant because Defendant is headquartered in Lakeside, California.

21. Venue is proper in this District because Defendant resides in this District.

## FACTUAL ALLEGATIONS

22. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

23. At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

24. At all relevant times alleged herein, Defendant has generated over $500,000.00 in revenue per year.

25. At all relevant times alleged herein, Defendant has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including transporting goods and equipment across state lines.

26. At all relevant times alleged herein, Defendant's hourly-paid employees were engaged interstate commerce.

27. At all relevant times alleged herein, Defendant was and is the "employer" of the hourly-paid employees within the meaning of 29 U.S.C § 203(d) and Md. Code Ann., Lab. & Empl. §§ 3-101, 3-401 and 3-501.

28. Defendant knowingly "suffered or permitted" hourly-paid employees to work and thus "employed" them within the meaning of 29 U.S.C. §203(g).

29. Defendant hired hourly-paid employees and determined the rate and method of the payment of their wages.

30. Defendant controlled the work schedules, duties, protocols, applications, assignments and work conditions of hourly-paid employees.

31. Hourly-paid employees performed job duties that do not fall within any exemptions from overtime under the FLSA, MWHL and MWPCL.

32. Defendant paid hourly-paid employees on an hourly basis.

33. An implied-in-fact agreement existed between Defendant and hourly-paid employees that they were to be compensated for all hours worked during their employment with Defendant, as evidenced by Defendant paying them an hourly rate of pay, furnishing paystubs showing agreed hourly rates, and instructing them to use Defendant's time-keeping system.

34. Some of Defendant's hourly-paid employees, such as Plaintiff, worked as field service technicians.

35. Defendant's field service technicians were responsible for installing, repairing, and upgrading equipment for Defendant's clients.

36. Defendant has not classified field service technicians as exempt from overtime at any time in the last three years.

37. Defendant's hourly-paid employees worked over forty (40) hours in most workweeks.

38. By way of example, during the week ending on February 6, 2022, Plaintiff worked and was paid for 54 hours, but worked additional time that was deducted from his pay on account of "meal breaks" he did not actually receive.

39. Defendant implemented a company-wide policy of deducting one hour of pay for "meal break" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks (i.e. they were not completely relieved from duties for the purposes of eating regular meals, *see* 29 C.F.R. § 785.19), thus failing to pay the workers for all hours worked.

40. Due to daily workload and the need to travel to various customer locations, hourly-paid employees often worked through their shifts without taking *bona fide* meal breaks.

41. Even though hourly-paid employees did not take *bona fide* meal breaks during the work shifts, Defendant deducted one hour of pay, thus shorting the workers' earned wages.

42. Defendant failed to compensate hourly-paid employees for all hours worked.

43. The hours that were deducted from hourly-paid employees' time on account of "meal breaks" not actually received were often in excess of forty (40) hours worked in the workweek.

44. Hourly-paid employees were subjected to the common unlawful policies and practices of Defendant as stated herein that violated the FLSA, MWHL and MWPCL.

45. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

46. Defendant's widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

48. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which shorted

overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

49. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid employees of Defendant at any time from three (3) years prior to the filing of this Lawsuit through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

50. Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

51. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

52. Plaintiff seeks to send Notice to all similarly situated hourly-paid workers as provided by 29 U.S.C. § 216(b) and supporting case law.

53. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

54. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

55. Plaintiff and the putative FLSA collective members demand a trial by jury.

///

## RULE 23 CLASS ACTION ALLEGATIONS

56.  Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

57.  Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf of all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices of shorted straight time and overtime wages, in violation of the MWHL and MWPCL.

58.  Plaintiff brings this Rule 23 class action on behalf of the following Maryland class:

> *All hourly-paid employees of Defendant in the State of Maryland at any time from three (3) years prior to the filing of this Lawsuit through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

59.  The Maryland Rule 23 class seeks to recover treble damages of unpaid wages and reasonable attorneys' fees and costs under the MWHL and MWPCL.

60.  The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates there are a substantial number of class members in the State of Maryland. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

61.  There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

62.  Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic pay policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of shorting workers' wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same

violations and separate litigation would cause a risk of inconsistent results.

63. Plaintiff was employed by Defendant in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, shorting workers' wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

64. Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

65. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

66. Plaintiff and the Rule 23 class members demand a trial by jury.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**
**Failure to Pay Overtime Wages**

67. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

68. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is not engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the

hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

69. Defendant employed Plaintiff and the FLSA collective members as hourly-paid workers.

70. In many workweeks, Plaintiff and the FLSA collective members worked over forty (40) hours.

71. Defendant implemented a company-wide policy of deducting one hour of pay for "meal breaks" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks.

72. Plaintiff and the FLSA collective members often worked through their shifts without taking *bona fide* meal breaks.

73. Even though Plaintiff and the FLSA collective members did not take *bona fide* meal breaks during their shifts, Defendant deducted one hour of pay.

74. Defendant failed to compensate Plaintiff and the FLSA collective members for all hours worked in excess of forty (40) in a workweek.

75. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

76. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

77. As a result of Defendant's uniform policies and practices described above, Plaintiffs and the FLSA collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

///
///
///
///

**SECOND CLAIM FOR RELIEF**
Violation of the Maryland Wage and Hour Law
(Brought by Plaintiff Individually and on Behalf of the Rule 23 Class)
Failure to Pay Overtime Wages

78. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

79. The MWHL requires each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage. Md. Code Ann., Lab. & Empl. §§ 3-415, 3-420.

80. Defendant employed Plaintiff and Rule 23 class members as hourly-paid workers.

81. In many workweeks, Plaintiff and Rule 23 class members worked over forty (40) hours.

82. Defendant implemented a company-wide policy of deducting one hour of pay for "meal breaks" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks.

83. Plaintiff and Rule 23 class members often worked through their shifts without taking *bona fide* meal breaks.

84. Even though Plaintiff and Rule 23 class members did not take *bona fide* meal breaks during the work shifts, Defendant deducted one hour of pay.

85. Defendant failed to compensate Plaintiff and Rule 23 class members for all hours worked in excess of forty (40) in a workweek.

86. Defendant's uniform policies and practices, as described herein, have been willful, intentional, unreasonable, arbitrary and in bad faith.

87. As a result of Defendant's uniform policies and practices described above, Plaintiff and Rule 23 class members are illegally deprived of wages earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation under the MWHL.

## THIRD CLAIM FOR RELIEF
### Violation of the Maryland Wage Payment and Collection Law
### (Brought by Plaintiff Individually and on Behalf of the Rule 23 Class)
### Failure to Pay Straight Time and Overtime Wages

88. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

89. Defendant employed Plaintiff and Rule 23 class members as hourly-paid workers.

90. An implied-in-fact agreement existed between Defendant and Plaintiff and Rule 23 class members that they were to be compensated for all hours worked during their employment with Defendant, as evidenced by Defendant paying them an hourly rate of pay, furnishing paystubs showing agreed hourly rates and instructing them to use Defendant's time-keeping system.

91. In many workweeks, Plaintiff and Rule 23 class members worked over forty (40) hours.

92. Defendant implemented a company-wide policy of deducting one hour of pay for "meal break" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks.

93. The Maryland Plaintiff and Rule 23 class members often worked through their shifts without taking *bona fide* meal breaks.

94. Even though Plaintiff and Rule 23 class members did not take *bona fide* meal breaks during the work shifts, Defendant deducted one hour of pay.

95. Defendant failed to compensate Plaintiff and Rule 23 class members for all hours worked.

96. As a result of the Defendant's common illegal policies and practices stated herein, Defendant failed to pay Plaintiff and Rule 23 class members the required straight time and overtime wages.

97. Defendant has failed and continues to fail to pay Plaintiff and Rule 23 class members earned wages, which are due and owing to them.

98. Section 3-501(c) of MWPCL defines wages as including all compensation that is due to an employee for employment including all straight time and overtime wages.

99. Section 3-502 of the MWPCL requires an employer to pay all wages earned "at least once in every 2 weeks or twice in each month."

100. Defendant violated Section 3-502 of the MWPCL by failing to pay Plaintiff and Rule 23 class members earned straight time and overtime wages on time.

101. Section 3-505 of the MWPCL requires employers to pay an employee "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated."

102. Defendant violated Section 3-505 by failing to pay Plaintiff and Rule 23 class members their straight time and overtime wages at any time on or before the employment relationship between the parties terminated or when they became due under the MWPCL.

103. The aforesaid actions and/or omissions of defendant are in contravention of the MWPCL.

104. As a result of Defendant's uniform policies and practices described above, Plaintiff and Rule 23 class members are illegally deprived of wages earned, in such amounts to be determined at trial, and are entitled to recovery of treble damages, reasonable attorneys' fees, costs and other compensation under the MWPCL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant, as follows:

(a) A declaratory judgment that Defendant's policies and practices alleged herein violate the overtime provisions of the Fair Labor

      Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(b) A declaratory judgment that Defendant's policies and practices alleged herein violate the MWHL;

(c) A declaratory judgment that Defendant's policies and practices herein violate the MWPCL;

(d) An Order for injunctive relief ordering Defendant to comply with the FLSA, MWHL and MWPCL and end all of the illegal wage practices alleged herein;

(e) Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(f) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the MWHL and MWPCL claims set forth herein;

(g) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(h) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(i) Designating Plaintiff as the representative of the FLSA collective in this action;

(j) Designating Plaintiff as the representative of the Maryland Rule 23 class in this action;

///

(k) Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Classes in this action;

(l) Judgment for damages including all unpaid wages and liquidated damages to which Plaintiffs and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(m) Judgment for damages including all unpaid wages and liquidated damages to which Plaintiff and Rule 23 class members are lawfully entitled under the MWHL;

(n) Judgment for treble damages to which Plaintiff and Rule 23 class members are lawfully entitled under the MWPCL;

(o) An incentive award for Plaintiff for serving as representatives of the FLSA collective and Rule 23 classes in this action;

(p) An Order directing Defendant to pay Plaintiff and members of the collective/class reasonable attorneys' fees and all costs connected with this action pursuant to the FLSA, MWHL and MWPCL;

(q) Judgment for any and all civil penalties to which Plaintiffs and members of the collective/class may be entitled; and

(r) Such other and further relief as to this Court may deem necessary, just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of all other FLSA collective and Rule 23 class members, demand a trial by jury.

Dated: August 12, 2022            RESPECTFULLY SUBMITTED,

By:  s/ Benjamin Lin
Benjamin Lin (SBN 326703)
Eric Sands* (NY Bar No. 5539499)
**BROWN, LLC**

15
COLLECTIVE AND CLASS ACTION COMPLAINT

111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
ben.lin@jtblawgroup.com
eric.sands@jtblawgroup.com

*Pro Hac Vice Application forthcoming

*Counsel for Plaintiff*

COLLECTIVE AND CLASS ACTION COMPLAINT